# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **MICHELE REED, AS** § <br> **ADMINISTRATOR OF THE** § <br> **ESTATE OF CARL N. BUTLER,** § <br> *Plaintiff* § <br> § <br> **v.** § <br> § <br> **PIGORA LOAN SERVICING LLC,** § <br> *Defendant* § | **Case No. 1:20-CV-1035-LY-SH** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court is Defendant's Motion to Dismiss with Prejudice Pursuant to FED. R. CIV. P. 12(b)(6) and Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56, filed October 26, 2020 (Dkt. 4). Plaintiff did not file a Response. On October 13, 2020, the District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

On June 29, 2015, Carl Nathan Butler obtained a home equity loan (the "Loan") secured by a Deed of Trust from DHI Mortgage Company, Ltd. in the amount of $187,445.00 on residential property located at 323 Fox Glove Drive, Hutto, Texas 78634 (the "Property"). Dkt. 4-2. Defendant Pingora Loan Servicing LLC is the current lender on the Loan.

Butler died on May 30, 2019. Butler is survived by his daughter, Plaintiff Michele Reed,[1] who claims to be the administrator of Butler's estate. After Butler defaulted on the Loan, Defendant scheduled a foreclosure sale of the Property for September 1, 2020. On August 31, 2020, Plaintiff filed this suit in state court to stop the foreclosure. Plaintiff alleges that the foreclosure violates the foreclosure moratorium provision of the Coronavirus Aid, Relief, and Economic Security Act Economic Stabilization Act ("CARES Act"), 15 U.S.C. § 9056(b). *Reed v. Pingora Loan Serv. LLC*, Cause No. 20-1311-C368 (368th Dist. Ct., Williamson County, Tex. Aug. 31, 2020).

On October 9, 2020, Defendant removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. 1331. On October 26, 2020, Defendant filed its Motion to Dismiss and Motion for Summary Judgment, arguing that Plaintiff lacks standing to bring this lawsuit. Alternatively, Defendant argues that Plaintiff has failed to state a plausible claim for relief. Defendant also seeks attorneys' fees and costs.

## II.     Legal Standards

Defendant moves in the alternative for dismissal pursuant to Rule 12(b)(6) or summary judgment pursuant to Rule 56.

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[1] Although Plaintiff filed this suit under the name Michele Reed, it appears that Plaintiff also goes by the name of Tiffany Reed. *See* Dkt. 1-6.

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

Under Rule 12(b)(6), the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because Defendant relies on extrinsic evidence to support its arguments, the Court analyzes Defendant's Motion under Rule 56.

### B. Rule 56

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Id.*

When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 255.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

Defendant argues that Plaintiff lacks standing to bring this case because she is not the named borrower on the Loan. As noted, Plaintiff failed to respond to Defendant's Motion. Pursuant to Local Rule CV-7(e)(2), if no response to a motion is filed within the time period prescribed by the rule – here, 14 days – the court may grant the motion as unopposed. The Court, however, will

address the merits of the Motion because dismissing a case other than on the merits of the claims is disfavored.

### A. Cares Act

Plaintiff alleges that Defendant's planned foreclosure of the Property violates the foreclosure moratorium provision of the CARES Act. The CARES Act provides that:

> a borrower with a Federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the Federally backed mortgage loan, regardless of delinquency status, by
>
> (A) submitting a request to the borrower's servicer; and
>
> (B) affirming that the borrower is experiencing a financial hardship during the COVID-19 emergency.

15 U.S.C. § 9056(b)(1). If a borrow makes such a request, the "forbearance shall be granted for up to 180 days, and shall be extended for an additional period of up to 180 days at the request of the borrower." *Id.* § 9056(b)(2). In addition, the statute provides that:

> Except with respect to a vacant or abandoned property, a servicer of a Federally backed mortgage loan may not initiate any judicial or non-judicial foreclosure process, move for a foreclosure judgment or order of sale, or execute a foreclosure-related eviction or foreclosure sale for not less than the 60-day period beginning on March 18, 2020.

*Id.* § 9056(c)(2).

Plaintiff alleges that she sent Defendant a letter on August 24, 2020 requesting a six-month forbearance on the Loan "[d]ue to the impact of COVID-19 [on] the borrower's estate." Dkt. 1-6 at 11. Plaintiff alleges that Defendant failed to respond to the forbearance request and has refused to cancel the scheduled foreclosure sale, in violation of the CARES Act.

Defendant argues that Plaintiff lacks standing under the CARES Act to bring this suit because she is not the borrower on the Loan. Defendant contends that by its terms, the CARES Act applies

only to "a borrower" requesting a loan forbearance, and because Plaintiff is not the borrower, she lacks standing under the statute. The Court agrees.

While the CARES Act does not define "borrower," courts have held that the term, as used in other consumer protection statutes, "applies only to a borrower on the loan—that is a person who signed the promissory note or assumed the loan." *Lackie v. PHH Mortg. Corp.*, No. 3:17-CV-377-BT, 2018 WL 4409799, at *2 (N.D. Tex. Sept. 17, 2018) (interpreting the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605(f)). As noted, Butler was the borrower on the Loan, not Plaintiff. Although Plaintiff claims that she is the administrator of her father's estate, she "has shown no documentation that she has been appointed administrator of the borrower's estate as is averred in the petition." Dkt. 4 at 4. As Defendant points out, the Affidavit of Heirship executed by Plaintiff's husband, Regis Reed, on July 15, 2019, states that no administrator had been appointed for the estate of Butler. Dkt. 4-3 at 1. Because Plaintiff failed to respond to the Motion, Plaintiff has not sustained her burden to demonstrate that she is the executor or administrator of Butler's estate.

Unless Plaintiff has been duly appointed as executor or administrator of Butler's estate, she has no authority to challenge the foreclosure of her father's property. *See Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL 6048000, at *1 (W.D. Tex. Aug. 29, 2019) (dismissing lawsuit to stop foreclosure where plaintiff "lacks standing to assert claims on behalf of the deceased borrower's estate" because she was not executor of the estate and had no contractual or fiduciary relationship with defendant bank); *Darlington v. Specialized Loan Servicing, LLC*, No. 1:18-CV-674-LY-ML, 2019 WL 4999006, at *5 (W.D. Tex. July 30, 2019) (finding that plaintiff, who was not a borrower or debtor, could not bring suit for defendant's failure to give her notice of default, intent to accelerate, right to cure, or foreclosure), *report and recommendation*

*adopted*, 2019 WL 11541361 (W.D. Tex. Aug. 22, 2019); *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-00682-ALM, 2016 WL 11472828, at *7 (E.D. Tex. Aug. 11, 2016) (same), *report and recommendation adopted*, 2016 WL 4974899 (E.D. Tex. Sept. 19, 2016), *aff'd*, 699 F. App'x 393 (5th Cir. 2017). Accordingly, Plaintiff has failed to demonstrate she has standing to bring this suit, and Defendant's Motion for Summary Judgment should be granted.

### B. Request for Attorneys' Fees and Costs

Defendant also asks the Court to award Pingora "its reasonable and necessary attorneys' fees and costs incurred in its defense to be paid by Plaintiff and her counsel jointly and severally." Dkt. 4 at 7. Defendant argues that the Deed of Trust permits it "to recover its legal fees in defending its rights under the contractual agreement." *Id.* at 5. As discussed above, however, Plaintiff was not a signatory of the Deed of Trust or the Loan and has no contractual agreement with Plaintiff. Plaintiff thus is not contractually obligated to pay Defendant's legal fees. Accordingly, the Court recommends that Defendant's request for attorneys' fees and costs be denied.

### IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Summary Judgment (Dkt. 4) and enter judgment in favor of Defendant, but **DENY** Defendant's request for an award of attorneys' fees and costs.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

7

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE